IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMONI JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>SUPERINTENDENT THOMAS MCGINLEY and PENNSYLVANIA ATTORNEY GENERAL'S OFFICE,<br><br>  Defendants. | No. 3:21-CV-01280<br><br>(Chief Judge Brann) |

## ORDER

### JUNE 18, 2024

Johnson has simultaneously filed three identical motions titled "request for injunctive relief/evidentiary hearing & parole," including in this case.[1] For each case, this Court has attempted to discern what relevance, if any, Johnson's motion could have. This is not the first time Johnson has filed identical motions in multiple different cases, placing the burden on judges of this Court to sort out how, if at all, that motion could possibly be relevant to the case at hand.[2] So I note that Johnson may incur sanctions if he continues to file frivolous motions. In doing so, this

---

[1] Request for Injunctive Relief/Evidentiary Hearing and Parole, Doc. 61; *Johnson v. Blue Shirt Davis*, No. 3:23-CV-00762, Motion for Injunctive Relief/Evidentiary Hearing and Parole, Doc. 26, Brief in Support, Doc. 27; *Johnson v. Mirarchi*, No. 3:23-cv-00534, Motion for Injunctive Relief/Evidentiary Hearing and Parole, Doc. 34, Brief in Support, Doc. 35.

[2] *Compare Johnson v. McGinley*, No. 21-cv-01512, Motion for Relief under Federal Rule of Civil Procedure 60 (3) & (6), Doc. 73; *Johnson v. Bienkoski*, No. 3:18-cv-00592, Omnibus Motion for Reconsideration, Doc. 146; *Johnson v. Koehler*, No. 3:14-cv-1490, Brief, Doc. 99 (all of which are nearly identical filings).

Court does not seek to minimize the importance of Johnson's right of access to the courts, or to deter him from filing truly meritorious motions. But Johnson's practice of continuing to file frivolous motions places a burden on this Court.

The motion's purpose, and relation to each lawsuit, is difficult to decipher based on Johnson's papers.[3] Following copy-pasted paragraphs from cases, the brief complains generally of allegedly ongoing retaliation for "protected activities exercised May-2-2024 & prior."[4] The motion concludes with the following request: "plaintiff/prisoner seek injunctive relief against all defendants & request for suppression of speech to be deemed illegal & that plaintiff/petitioner be paroled as NEWLY DISCOVERED EVIDENCE of Civil action # 3:21-cv-01280 respectively is SHOWN."[5] This "evidence" consists of a decision denying Johnson's grievance, in which Johnson complained that he was denied parole for retaliatory purposes.[6] Johnson also appends the response to his appeal of this grievance, written by Superintendent McGinley, which also denies the grievance.[7]

The initial decision details that because Johnson was "argumentative," "disrespectful," and "did not provide answers to questions that were asked" during the parole interview, he was asked to leave and escorted out.[8] Based on notes

---

[3] The motion itself does not contain any information and refers the Court to Johnson's brief. Motion for Injunctive Relief/Evidentiary Hearing and Parole, Doc. 34.
[4] Brief in Support, Doc. 35 at 4.
[5] *Id.* at 4-5.
[6] Exhibit 1 – Initial Review Response, Doc. 35-1.
[7] Exhibit 2 – Facility Manager Appeal Response, Doc. 35-2.
[8] Exhibit 1 – Initial Review Response, Doc. 35-1.

Johnson has written on top of the attached copy of the decision, Johnson appears to believe that prison officials retaliated against him for exercising his "freedom of speech" in the parole meeting.[9]

This incident has no relevance to the matter at hand. This lawsuit, assigned to docket number 3:21-cv-01280, concerned Johnson's habeas petition challenging his denial of parole in October 2020 and July 2021, not his denial of parole in 2024.[10] This case has since been closed,[11] and this Court's judgment was summarily affirmed by the Court of Appeals.[12]

Johnson does use some words—such as "fraud" and "new evidence"—which could be interpreted as requesting reconsideration.[13] But the parole interview referenced in Johnson's motion provides no "new evidence" relevant to *this* suit.[14] Nor could Johnson request declaratory relief in a habeas petition in any

---

[9] Exhibit 1 – Initial Review Response, Doc. 35-1 ("All Liars conspiring Against me. What the camera reflect? I asked were cameras around & Agent Macaluso said yes I believe, so how is that argumentative behavior? THIS IS PROOF OF RETALIATION FOR EXERCISING FREEDOM OF SPEECH.").

[10] *See* Report and Recommendation, Doc. 32 (recommending denial of habeas petition challenging denial of parole in October 13, 2020, and July 8, 2021); Order Adopting Report and Recommendation, Doc. 35; Report and Recommendations, Doc. 42 (recommending denial of amended habeas petition); Order Adopting Report and Recommendations, Doc. 53.

[11] Order Adopting Report and Recommendations, Doc. 53.

[12] Certified Order of USCA in lieu of formal Mandate denying Appellant request for a certificate of appealability, Doc. 56.

[13] *See* Fed. R. Civ. P. 60(b) ("[T]he court may relieve a party . . . from a final judgment, order, or proceeding, for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.").

[14] *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (explaining the three grounds for presenting a motion for reconsideration).

3

event; habeas relief is limited to challenges to "the validity of the continued conviction or the fact or length of the sentence."[15]

Unlike the other motions Johnson submitted, his motion here at least requests parole in a habeas action. But to the extent that Johnson challenges this Court's prior denial of habeas relief for the denial of parole in 2020 and 2021, this Court has already considered and rejected his habeas petition twice[16] and cannot rule on it again.[17] To the extent that Johnson seeks some kind of relief for the alleged free speech "retaliation" of escorting him away from the probation interview, that claim must be raised in a Section 1983 action and not a habeas petition.[18] And, to the extent that Johnson seeks to challenge any denial of parole which may have occurred following his unsuccessful pre-parole interview in 2024, he must file a new habeas petition to bring that challenge.[19]

Finally, because the motion is irrelevant to the case at hand, there is no need for the evidentiary hearing Johnson requests.

---

[15] *See Gladden v. Doll*, No., 2021 U.S. Dist. LEXIS 116860, at *12 (M.D. Pa. June 23, 2021) (quoting *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2022)).
[16] *See* Report and Recommendation, Doc. 32 (recommending denial of habeas petition challenging denial of parole in October 13, 2020, and July 8, 2021); Order Adopting Report and Recommendation, Doc. 35; Report and Recommendations, Doc. 42 (recommending denial of amended habeas petition); Order Adopting Report and Recommendations, Doc. 53.
[17] *See* 28 U.S.C. § 2244.
[18] *See Doll*, 2021 U.S. Dist. LEXIS 11680, at *12.
[19] In any case, because Johnson does not even state whether his parole was granted or not, the Court cannot issue a ruling even if it construes his filing as a habeas petition.

In accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff Armoni Johnson's "Motion for Injunctive Relief/Evidentiary Hearing and Parole" (Doc. 61) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge